**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000008
25-MAY-2017
09:34 AM**

NO. CAAP-12-0000008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THOMAS GILLIGAN and SHARON GILLIGAN, Plaintiffs-Appellees,
v.
CHARLES CARR and CAROL HALL, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 11-1-2941)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Charles Carr (**Appellant Carr**) appeals from a Judgment entered on January 12, 2012, by the District Court of the Second Circuit, Lahaina Division (**District Court**).[1] The Judgment entered an award of $9,107.16 in favor of Plaintiffs-Appellees Thomas Gilligan and Sharon Gilligan (**the Gilligans**) and against both Appellant Carr and Defendant Carol Hall (**Carol Hall**).[2]

---

[1] The Honorable Blaine J. Kobayashi presided.

[2] A notice of appeal and two amended notices of appeal were filed, purportedly on behalf of both Appellant Carr and Carol Hall. However, these documents were signed only by Appellant Carr, *pro se*, and not by Carol Hall. As a non-attorney, Appellant Carr is not authorized to represent Carol Hall. Oahu Plumbing and Sheet Metal, Ltd. v. Kona Const. Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979). Therefore, because Carol Hall did not sign any of the notices of appeal, Appellant Carr is the only appellant in this appeal.

On appeal, Appellant Carr makes general assertions that the District Court "made a judicial error that can be verified by a simple examination of the transcript[,]" including: (1) ignoring Appellant Carr's objections at trial when the Gilligans' counsel introduced evidence not provided in discovery and introduced a surprise witness; and (2) denied a continuance or a right to a counterclaim.

We first note that Appellant Carr's opening brief fails to comply with Rule 28 of the Hawai'i Rules of Appellate Procedure (HRAP) in numerous ways, including a failure to provide any citations to the record to support his assertions. However, we seek to hear cases on the merits where possible based on the discernable arguments. See Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999).

In this case, we are unable to review the merits of Appellant Carr's assertions. Notwithstanding Appellant Carr's own reference that we should examine transcripts, no transcripts were made a part of the record in this appeal. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation omitted). Because the record in this appeal is devoid of transcripts from the trial, at which Appellant Carr asserts the District Court made the errors at issue, we have an insufficient record before us and we thus leave the District Court's rulings undisturbed.

---

notices of appeal, Appellant Carr is the only appellant in this appeal.

We further note that this appeal was significantly delayed due to a notice of bankruptcy filing indicating that Carol Hall, a defendant in the underlying Judgment, had filed for bankruptcy. This court issued several orders requiring the parties to clarify, inter alia, the status of any bankruptcy proceedings and whether any bankruptcy stay affected this appeal. The court received delayed and minimal assistance from the parties in addressing the bankruptcy issues, and subsequently took judicial notice of the docket entries and documents filed in In re Carol Jean Hall, United States Bankruptcy Court, District of Hawaii, Case No. 12-00968, to determine that any bankruptcy stay was no longer in place.

Id. at 231, 909 P.2d at 559; Lepere v. United Pub. Workers, Local 646, AFL-CIO, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995); Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60, 66 (1990) (appellate court was unable to review asserted errors because appellant failed to provide any transcript of the proceedings below).

Therefore, IT IS HEREBY ORDERED that the Judgment entered by the District Court of the Second Circuit, Lahaina Division, on January 12, 2012, is affirmed.

DATED: Honolulu, Hawai'i, May 25, 2017.

On the briefs:

Charles Carr,
Defendant-Appellant pro se.

Presiding Judge

Associate Judge

Associate Judge